## SUCCESSION OF WIDOW VICTOR LERUDE.

*It is not customary to file answers to oppositions made to tableaux of distribution; such answers being in the nature of replications. Oppositions in such cases are open to every objection of law and fact, such as minority, fraud, simulation, &c. In case of surprise a remedy may be afforded by a continuance, or a new trial.*

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.    ,  *Filleul* and *St. Paul & Bouny*, for plaintiff and appellants. *Robert* and *Maurian*, for defendant.

LEA, J. This case comes up on appeal taken from the rejection of the opposition made herein by *Clementine Gamon* to the tableau of distribution filed by the administratrix.

The District Judge considered that the several claims set up in the petition of opposition were mere simulations. From a review of the evidence, we think this conclusion is well founded.

But the judgment is based upon evidence to the introduction of which the opponent objected, on the ground that no plea of fraud or simulation was filed by the administratrix. If notice be the object of pleading, the opponent had ample notice of this defence at every step of the proceedings had on the first trial, in which her claim was opposed exclusively on the ground of simulation. It is not customary to file answers to oppositions made to tableaux of distribution, such answers being in the nature of replications; oppositions in such cases are open to every objection of law and fact, such as minority, fraud, simulation, &c. In case of surprise, a remedy may be afforded by a continuance or even a new trial. In this case the opponent had the benefit of a new trial. The administratrix, both in her capacity as heir and as the representative of the creditors, none of whom have been cited as appellees, had a right to contest the validity of the admission contained in the notarial Act, which, it is to be observed, was not a contract, nor an act in any way affecting real estate or slaves, but a mere admission of an alleged pre-existing indebtedness. It was certainly competent for the representative of the estate to contradict by parole the reality of such an alleged indebtedness.

The 2256th Article of the Civil Code is not applicable to such a case. See 2 An. 92, 4 An. 501, 1 La. 239, 8 N. S. 541. On the merits we concur in the opinion of the District Judge, that at the death of Mrs. *Lerude* she was not indebted to the opponent.

Judgment affirmed.